UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

YAKKOV WEINBERGER,                    Civil Action No.:

                Plaintiff,

    -against-                    **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

CHASE BANK,

                Defendants.
-----------------------------------------------------------------X

Plaintiff, YAKKOV WEINBERGER ("Plaintiffs"), by and through his attorneys, M. Harvey Rephen & Associates, P.C.,

as and for its Complaint against the Defendant, CHASE BANK (hereinafter referred to as "Defendant(s)"), respectfully sets forth,

complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

    2.    Plaintiff YAKKOV WEINBERGER is a resident of the State of New Jersey, residing in Lakewood, New Jersey 08701.

3. Defendant CHASE BANK is an NEW YORK corporation with an address located at 270 PARK AVENUE NEW YORK, NY 10017.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.

If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the

same force and effect as if the same were set forth at length herein.

7. On or about February 25th, 2016, Defendant began communicating with Plaintiff by means of telephone calls and text messages to the

Plaintiff''s mobile telephone number of 732-282-4710. The Plaintiff has three numbers to which the defendant placed texts and calls to between the

dates of February 25th 2016 and September 27th 2016.

8. Between the dates of February 25th 2016 and October 3rd 2016 to Plaintiffs telephone number of 732-282-4710, the Defendant texted

the Plaintiff 258 times.

9. In regards to the Plaintiff's second phone number of 732-503-0773 the Defendant called Plaintiff's phone 156 times between

March 3rd 2016 and September 27th 2016 from numbers 1-847-426-9203 and 1-210-520-0004.

10. The Plaintiff's third phone number received 26 calls between the dates of April 10th 2016 and September 26th 2016.

11. During this time period, the Plaintiff's wife, Mrs. Weinberger, placed a call on March 21st 2016 to the Defendant and connected with a male representative who stated his name as 'John".

12. Mrs. Weinberger asked for the balance on the account.

13. The representative asked for the account number on the card to be able to access the information and the last four of the account holder's social security number.

14. The representative located the accounts and gave Mrs. Weinberger balances of $2,565.30 and $3,077.71, as well as the payment information for each account.

15. Mrs. Weinberger stated she is working on making the payments, however at this time she would like all automated calls and texts to stop.

16. The representative questioned that she did not want to be contacted in regards to her accounts.

17. Mrs. Weinberger stated she does not mind being contacted by a person however she does not want to be contacted by autodialer or by text.

18. The representative confirmed the phone number and the fact that it was ok to call and the phone call was concluded.

19. After the conclusion of the phone call the Plaintiff continued to receive automated calls and texts to the phone numbers listed above between the dates f February 25 2016 and September 26 2016, to total 440 calls and texts in all.

**FIRST CAUSE OF ACTION**
*(Violations of the TCPA)*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

22. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution: 3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing,

solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

23. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

24. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

25. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC§1692k(2)(B)

C. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

D. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

E. A declaration that the Defendant's practices violated the TCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   March 31, 2017

Respectfully submitted,

*[signature]*

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., ;P.C., OF COUNSEL

TO

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiff* YAKKOV WEINBERGER

To:   CHASE BANK
      270 PARK AVENUE
      NEW YORK, NY 10017
      *(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*